**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Henrietta BROWN, Defendant–Appellant.**

**No. 80–1031.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 19, 1980.

Decided Nov. 25, 1980.

Kenneth L. Cunniff, Chicago, Ill., for defendant–appellant.

Thomas P. Sullivan, U. S. Atty., Patrick E. Deady, Asst. U. S. Atty., Chicago, Ill., for plaintiff–appellee.

Before FAIRCHILD, Chief Judge, SWYGERT, Circuit Judge, and CAMPBELL, Senior District Judge.*

PER CURIAM.

At issue in this appeal from a conviction for mail fraud is the supplemental jury instruction known in this circuit as the *Silvern* instruction which was given by the trial judge only after the jury had indicated that it was unable to reach a unanimous decision and not with the original jury instructions.[1] The defendant–appellant contends that giving that instruction only after the jury was deadlocked violated her Sixth Amendment right to a fair trial by an impartial jury. We agree that the instruction was improperly given and that the conviction must be reversed, but we do not rest our decision on constitutional grounds.

---

* The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

1. In *United States v. Silvern*, 484 F.2d 879 (7th Cir. 1973), we required that a deadlock instruction given in this circuit be in a form described in that opinion.

Rather we adhere to our *en banc* decision in *United States v. Silvern*, 484 F.2d 879 (7th Cir. 1973), in which we exercised our supervisory power to mandate both a procedure and a text to be followed by district courts in giving a supplemental instruction relating to deadlock.[2]

## I

Henrietta Brown was charged with eight counts of mail fraud in violation of 18 U.S.C. § 1341. After two days of trial, the jury heard closing arguments and was instructed by the trial judge. The *Silvern* instruction, although tendered by the prosecution, was not given at that time. The jury retired at 12:45 p. m. and began deliberating after lunch. At 3:15 p. m. and again at 4:12 p. m., the trial judge received the following notes from the jurors: "Guilty 10, Not Guilty 2, we have a split decision." At 5:00 p. m. the trial judge considered but decided against giving the *Silvern* instruction; instead, he dismissed the jurors for the day after informing them that he would give them another instruction the next morning. Before deliberations began the next day and over the objection of defense counsel, the *Silvern* instruction was read to the jurors and a copy of that instruction sent with them to the jury room. Fifteen minutes later the jury returned a verdict of guilty on all counts. This appeal followed.

## II

In *Silvern*, we said:

> If a supplemental instruction is deemed necessary and provided that the following instruction has been given prior to the time the jury has retired, it may be repeated: [text of instruction]

484 F.2d at 883.[3] The district court speculated that the above language was "dictum" and not intended "to be taken seriously." We do not agree. In *Silvern* this court prescribed the definitive procedure for giving a deadlock instruction in the district courts of this circuit. In describing the problem we were addressing, we referred both to the wording and the timing of the instruction. Our purpose in establishing a required format for deadlock instructions, we stated, was to prevent the multiplicity of appeals that ensues when deadlock instructions vary in language and in timing. We proceeded to give the text of the required deadlock instruction, prefaced by the required procedure as to timing. As we read *Silvern*, the requirement that the instruction be given before the jury retires if it is to be given at all is the law of the case and can only be disturbed by an overruling of that *en banc* decision, which we decline to do here.

Our view, simply stated, is that a deadlock instruction given along with other instructions before there is a minority of jurors to feel pressured, has less danger of being coercive than a deadlock instruction first given when deadlock occurs. Although we allow the deadlock instruction to be repeated when it is first given before the jury retires, in *Silvern* we suggested that the district court consider whether "the need for supplemental instructions may be reduced by sending into the jury room at the time the jury retires either a written copy or a tape recording of, together with equipment to enable the jury to hear, the complete instructions as given by the court." 484 F.2d at 883.

Because in this case the instruction was given for the first time at deadlock, the conviction is reversed and the case is remanded for a new trial.

---

2. We find the defendant's second contention that the jury verdict was defective for ambiguity to· be without merit.

3. The text of that instruction is not at issue here; the instruction given tracked the required *Silvern* language.